MARY A. PRATT *vs.* BENJAMIN F. FARRAR.

A tenancy at will is determined by the execution of a written lease for a year by the owner of the premises to another tenant, although such lease contains a provision that no rent shall be claimed till the lessee is in actual possession.

Nearly forty-eight hours is sufficient time to allow for a tenant at sufferance to remove from the lower story of a house; and after the expiration thereof a process under Gen. Sts. c. 137, may be commenced to remove him.

ACTION under Gen. Sts. *c.* 137, to recover possession of the lower story of a house on Florence Street in Springfield.

At the trial in the superior court, before *Wilkinson,* J., on appeal from the decision of the magistrate, it appeared that on the

29th day of March 1864 the premises were occupied by the de-
fendant as tenant at will to Henry Dyer, the owner, who on that
day executed a lease thereof to the plaintiff, " to hold for the
term of one year from the 31st of March instant, yielding and
paying therefor the rent of one hundred and fifty-six dollars.
And the lessee does promise to pay the said rent in equal semi-
annual instalments of seventy-eight dollars each, on the last day
of March current for the first six months, and on the last day of
September next for the succeeding six months ; but no rent shall
be claimed by the lessor until the lessee is in actual possession."
A written notice of this lease was given to the defendant on the
31st of March, between twelve and one o'clock at noon, notify-
ing him to give up the premises to the plaintiff on the 1st
of April then next ; and this action was commenced on the 2d
of April. The defendant's wife. was in feeble health, and his
child at the time of the notice was sick with a fever, and contin-
ued under a physician's care for ten or twelve days thereafter ;
but these facts were not known to the plaintiff till after the
commencement of this action.

Upon these facts, the judge ruled that the time allowed for
the removal was sufficient, and that the action could be main-
tained ; and the jury returned a verdict for the plaintiff accord-
ingly. The defendant alleged exceptions.

*C. A. Winchester,* for the defendant.

*M. P. Knowlton,* for the plaintiff.

GRAY, J. By the law of Massachusetts, as by the English
common law, a tenancy at will may be terminated by alienation
of the land either by landlord or tenant ; and a written lease for
years from the landlord to a third person has the same effect as
a conveyance in fee. *Benedict* v. *Morse,* 10 Met. 229. *Kelly* v.
*Waite,* 12 Met. 302, 303. *Howard* v. *Merriam,* 5 Cush. 574, 580.
*Curtis* v. *Galvin,* 1 Allen, 216. *Cooper* v. *Adams,* 6 Cush. 90, 91.
This form of expressing the will to end the tenancy, taking place
off the land and in the absence of the other party, must be made
known to him, in order to give effect to the intention and
actually terminate the tenancy, although no particular form of
notice is required. *Furlong* v. *Leary,* 8 Cush. 410 *Mizner* v.

*Munroe,* 10 Gray, 292. *Doe* v. *Thomas,* 6 Exch. 857. *Pinhorn* v. *Souster,* 8 Exch. 770, 772. But upon such an alienation by the landlord, made known to the tenant, he becomes a tenant at sufferance, having no longer any estate or title, but a mere naked possession, without right, and therefore not entitled to any notice to quit, nor to any action against the landlord if he ejects him without unnecessary force. Cases above cited. Co. Litt 57 *b.* *Moore* v. *Mason,* 1 Allen, 407. The tenant would seem to be entitled to reasonable time to remove himself, his family and goods, and to remain or enter for that purpose, without being deemed a trespasser. *Rising* v. *Stannard,* 17 Mass. 287, 288. *Curl* v. *Lowell,* 19 Pick. 27. *Doe* v. *M'Kaeg, infra.* But his estate is terminated by the conveyance and notice thereof to him. The ruling at the trial was therefore sufficiently favorable to the defendant.

It may indeed be doubted whether the ruling was not too favorable, and whether, upon the defendant's estate at will being terminated by his knowledge of an alienation inconsistent with its continuance, the rightful owner might not at once maintain an action to recover the land. *McFarland* v. *Chase,* 7 Gray, 463. *Howard* v. *Merriam,* 5 Cush. 578. *Doe* v. *M'Kaeg,* 10 B. & C. 723, 724 ; *S. C.* 6 Man. & Ry. 621, 622. *Doe* v. *Turner,* 7 M. & W. 235.

But it is unnecessary to express a decisive opinion upon that; for we concur in the opinion of the judge who presided at the trial, that the defendant was allowed a reasonable time to remove himself and his family, under the circumstances of the case. The facts not being in dispute, what was reasonable time was rightly treated as a question of law. Co. Litt. 56 *b.* *Ellis* v. *Paige,* 1 Pick. 50; *S. C.* 2 Pick. 71, *note.* The written lease was made on the 29th of March, to take effect from the 31st, and was not suspended by the stipulation not to claim rent until the lessee should be in actual possession. The tenement was the lower story of a house in the city of Springfield. It does not appear that the defendant's wife's health was so feeble that she could not assist in removing, or that his child was too sick to be removed and it does appear that their state of health was

unknown to the plaintiff until after he had brought this suit. Notice to deliver up the premises was given to the tenant about noon on the 31st of March, nearly or quite forty-eight hours before this action was brought; and the return day of the writ, the earliest at which judgment could be rendered against him for possession, even if he should not appear in the suit, was a week later. Gen. Sts. *c.* 137, § 6. The notice under consideration in *Ellis* v. *Paige,* above cited, was a notice given for the purpose of determining a tenancy at will, before the time necessary to determine such a tenancy by notice had been regulated by statute in this commonwealth, and was not measured by the same rules which are to be applied, after the estate at will has been otherwise lawfully terminated, to the commencement of process for the ejectment of a tenant at sufferance.

*Exceptions overruled.*